UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Angela M.H.V.S.,<br><br>                    Plaintiff,<br><br>v.<br><br>Martin O'Malley[1], Commissioner of Social Security,<br><br>                    Defendant. | Civil No. 3:23-CV-00052 (MPS)<br><br><br><br>June 28, 2024 |

**RULING ON PLAINTIFF'S INTERIM MOTION FOR
ALLOWANCE OF ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**

Pending before this Court is Plaintiff's Interim Motion for Allowance of Attorney's Fees under 42 U.S.C. § 406(b)(1) of the Social Security Act (the "Act"). ECF. No. 32. Defendant, Commissioner of Social Security ("Commissioner") filed a response in its limited role as a quasi-trustee, setting forth the history of the case and applicable standard for the Court's consideration. ECF No. 33. For the reasons that follow, the Plaintiff's Motion is GRANTED. ECF No. 32.

**I.     PROCEDURAL BACKGROUND**

Attorney Ivan M. Katz has represented Plaintiff since May 22, 2019, through all phases of her claim for benefits, including two civil actions before this court for judicial review of the Commissioner's unfavorable rulings. *See* ECF No. ECF No. 32, at ¶¶ 1-2; ECF No. 32-2. Following a full briefing the Court entered judgment in Plaintiff's favor in *Angela M.H.V.S. v. Saul*, 3: 19-cv-00801-WIG, ECF No. 19 (D. Conn. Mar. 13, 2020) and remanded the case for

---

[1] When Plaintiff filed this action, she named the then-Acting Commissioner of the Social Security Administration, Kilolo Kijakazi, as defendant. Compl., ECF No. 1. Acting Commissioner Kijakazi no longer serves in that office. Her successor, Commissioner Martin O'Malley, is automatically substituted as the defendant pursuant to Fed. R. Civ. P. 25(d). The Clerk of the Court is respectfully requested to amend the caption of the case accordingly.

further proceedings. Attorney Katz represented Plaintiff a second time through the administrative process. On October 28, 2022 the ALJ issued an unfavorable decision to Plaintiff. ECF No. 32 at ¶ 2.

Plaintiff started this action on January 12, 2023, seeking judicial review of the Commissioner's unfavorable decision denying Plaintiff Social Security Disability benefits. *See* ECF No. 1. Following briefing by Plaintiff, (ECF No. 17), the Commissioner filed a Motion to Remand to Agency. ECF No. 24. On June 26, 2023, Judge Shea granted the Commissioner's consent Motion to Remand the Case Under Sentence Four of 42 U.S.C. § 405(g). ECF Nos. 24, 25.

Thereafter, a hearing was held before an ALJ. On May 17, 2024, the ALJ issued a fully favorable decision, finding Plaintiff disabled as of March 1, 2014, and awarding retroactive benefits to that date. ECF No. 32 at ¶ 3.

On October 17, 2023, Plaintiff and the Commissioner filed a joint stipulation for a $9.097.96 attorney's fee award under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), that was granted by this Court. ECF No. 29, 31.

II.  **TIMELINESS OF THE MOTION**

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id.* at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

On June 8, 2024, the Administration issued a Notice of Award, advising that it was withholding twenty-five percent of the total past-due benefits, or $31,925.50, for the satisfaction

of attorney's fees pursuant to Section 206(b) of the Act. ECF No. 32-1.  Attorney Katz advised the Court that, the Notice of Award deals with retroactive benefit payable to Plaintiff only.  ECF No. 32 at ¶ 5.  Counsel has not been advised of the calculation of the retroactive benefit due to her dependent children.  *Id.*  Pursuant to the Retainer Agreement, Attorney Katz is entitled to seek a fee based on "benefits awarded to my family and me."  ECF No. 32-2.

On June 11, 2024, Attorney Katz filed this pending Interim Motion for Allowance of Attorney's Fees Under 42 U.S.C. § 406(b) seeking attorney's fees in the amount of $31,925.50.  ECF No. 32.  This represents a twenty-five percent fee award of the total past-due benefit payable to Plaintiff, but not her minor children.  *Id.* at ¶ 7.  A copy of the motion for interim attorney's fees was provided to Plaintiff.  *Id.* at ¶ 15.

Accordingly, the Interim Motion for Allowance of Attorney's Fees under 42 U.S.C. § 406(b) was timely filed.

### III.   THE REASONABLENESS OF THE REQUESTED FEE.

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed twenty-five percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."  *Id.*  "Within

the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than twenty-five percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $31,925.50, which the Commissioner agrees is not greater than 25 percent of the statutory cap of Plaintiff's past-due benefits. ECF No. 32-1 at 3. Utilizing

the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff.  ECF No. 32-2.  Counsel's law firm provided effective representation of Plaintiff's interests since May of 2019, resulting in Plaintiff successfully receiving the benefits sought.  There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation.  Here, the success of Plaintiff's claims was uncertain as demonstrated by multiple denials of her applications at the agency level.  Accordingly, the hours expended by counsel's law firm were reasonable in light of the issues presented and the extent of representation.

The requested fee would result in a *de facto* hourly rate of $410.36 ($31,925.50 divided by 77.8 hours) for work performed over the course of several years.  ECF No. 32 at ¶¶ 14, 15.  The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall.  Attorney Katz's efforts resulted in obtaining a "Sentence Four" remand twice and ultimately a favorable ruling by the ALJ awarding a retroactive benefit as of March 1, 2014.  ECF No.32 at ¶¶ 14, 12.  The effective hourly rate of $410.36  is significantly lower than other Section § 406(b) fee awards approved in this Circuit.  *See e.g.*, *Fields,* 24 F.4th at 854-56 (an effective hourly rate of $1,556.98 was not a "windfall"); *Sue-Anne O. M. v. Kijakazi*, No. 3:20-CV-00301 (MEG), 2023 WL 3737712, at *3 (D. Conn. May 31, 2023) (effective hourly rate of $1,100.82 was reasonable); *Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) (the hourly rate of $1,506.32 was reasonable); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (effective hourly rate of $1,079.72 did not constitute "windfall" to counsel).  Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $410.36 is reasonable and in line with awards generally approved in this District for similar work performed.  The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A,

2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $17,256.96 to Plaintiff.[2] ECF. No. 32 at ¶ 16. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's Interim Motion for Allowance of Attorneys' Fees under § 406(b), (ECF No. 32) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $31,925.50 out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to refund the previously awarded EAJA fee of $17,256.96 to Plaintiff and certify the refund to the Court within fourteen days of the transaction. The Court also notes that Plaintiff's counsel has waived his right to charge and collect a fee under Section 206(a) of the Social Security Act for work performed at the agency level..

This is not a Recommended Ruling. This is an order regarding attorney's fees which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made. *See Vainwright*

---

[2] In connection with the two civil actions in this Court, Attorney Katz received EAJA fees in the total amount of $17,256.96. ECF No. 31 (awarding EAJA fees in the amount of $9.097.96). In the first filed action, Judge Garfinkel awarded EAJA fees in the amount of $8,159.00. *See, Angela M.H.V.S. v.* Saul, 3: 19-cv-00801-WIG, ECF No. 24 (D. Conn. July 9, 2020).

*v. Berryhill*, No. 3:15CV01025(JCH)(SALM), 2017 WL 3493608, at *3 (D. Conn. Aug. 15, 2017)(ruling on a motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1).

                                                 */s/ Maria E. Garcia, USMJ*
                                                   Hon. Maria E. Garcia
                                            United States Magistrate Judge